CAROL A. CHEN (SBN: 212720)
cachen@winston.com
DAINIA J. JABAJI (SBN: 327330)
djabaji@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
Bank of America, N.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD FARSHAD ABDOLLAH NIA, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. '21CV1799 H    BGS<br><br>*[San Diego County Superior Court, Case No. 37-2021-00036843-CU-CR-CTL]*<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

PLEASE TAKE NOTICE that Defendant Bank of America, N.A. ("BANA") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and removes the above-captioned matter from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. For the reasons set forth more fully below, removal to this Court is proper under 28 U.S.C. §1331 (federal question).

## BACKGROUND

1. On August 27, 2021, Plaintiff Mohammad Farshad Abdollah Nia ("Plaintiff") filed a putative class action complaint in the Superior Court of the State of California, County of San Diego, entitled *Mohammad Farshad Abdollah Nia, Individually, and on Behalf of All Others Similarly Situated v. Bank of America, N.A.*, Case Number 37-2021-00036843-CU-CR-CTL (the "State Court Action"), alleging five causes of action: (1) violation of the Equal Credit Opportunity Act ("ECOA") under 15 U.S.C. § 1691 *et seq.*; (2) violations of Plaintiff's equal rights under 42 U.S.C. § 1981; (3) discrimination under the California Unruh Civil Rights Act (the "Unruh Act"), Cal. Civil Code §§ 51, 52(a); (4) discrimination under the Unruh Act, Cal. Civil Code §§ 51, 51.5, 52(a); and (5) violations of the California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200-17210) (the "Complaint" or "Compl."). A true and correct copy of the Complaint, all pleadings, process, and orders served on BANA in the State Court Action, and the State Court Action docket are attached hereto as **Exhibit A** ("Ex. A").

2. Plaintiff seeks to certify the following class:

**Nationwide Class:**

All present or former Bank of America credit card or checking account holders with a first or last name of Iranian or Middle Eastern origin who had an account closed within six months after Bank of America sent a

request for documents establishing residency in the United States (the "Nationwide Class").

(Ex. A, Compl., ¶ 63.)

3. Plaintiff seeks to certify the following subclass in addition to and/or in the alternative to the Nationwide Class:

**California Subclass:**

All present or former Bank of America credit card or checking account holders in California with a first or last name of Iranian or Middle Eastern origin who had an account closed within six months after Bank of America sent a request for documents establishing residency in the United States (the "California Subclass").

(*Id.*, ¶ 64.)

4. On September 21, 2021, Plaintiff served the Summons and Complaint on BANA. A true and correct copy of the Proof of Service of Summons filed in the State Court Action is attached hereto as **Exhibit B**.

## TIMELINESS OF REMOVAL

5. This Notice of Removal is timely as it is filed within 30 days of service on BANA of a copy of the Summons and Complaint in this action. 28 U.S.C. § 1446(b)(1).

## BASIS FOR FEDERAL JURISDICTION

### Federal Question Jurisdiction

6. This Court has original jurisdiction over the action under 28 U.S.C. § 1331 because Plaintiff asserts causes of action for violations of federal law, namely the ECOA and Plaintiff's equal rights under 42 U.S.C. § 1981. These federal causes of action arise under the laws of the United States and the district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378 (2012) ("[W]hen federal law creates a private right of action and furnishes the substantive rules of decision, the claim arises under federal law, and district courts possess federal-question jurisdiction.").

7. Accordingly, removal is proper pursuant to 28 U.S.C. § 1441(a).

**Supplemental Jurisdiction**

8. Furthermore, this Court has supplemental jurisdiction over Plaintiff's causes of action under the Unruh Act and the UCL because Plaintiff's California claims derive from a common nucleus of factual allegations and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855-56 (9th Cir. 2004) (citing *Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." (internal quotations omitted))).

9. Plaintiff relies on the same allegations regarding BANA's alleged discrimination to support Plaintiff's federal and state law claims, *i.e.*, the state law claims challenge exactly the same actions as the federal claims. *See* (Ex. A, Compl. ¶¶ 76–77, 100, 107, 108, 112, 115, 117, 120, 122–123, 128); *Kuba*, 387 F.3d at 855-56 (exercise of supplemental jurisdiction found to be proper when state law claims challenged "exactly the same actions as the federal claims").

10. Accordingly, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of the state claims under 28 U.S.C. § 1367(a), and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

**CONSENT**

11. BANA is the only named defendant and it is not aware of any other defendants that have been named in, or served with, the Complaint. Accordingly, consent of removal is not necessary and removal is proper pursuant to 28 U.S.C. § 1446(a) & (b).

## VENUE

12. Venue lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(d). This action originally was brought in the Superior Court of the State of California for the County of San Diego, which is located in the Southern District of California. 28 U.S.C. § 84(d). Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## NOTICE TO PLAINTIFF AND STATE COURT

13. BANA will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California for the County of San Diego. The Notice of Removal is concurrently being served on all parties.

WHEREFORE, BANA prays that this civil action be removed from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.

Dated: October 21, 2021         WINSTON & STRAWN LLP

By: /s/Carol A. Chen
　　CAROL A. CHEN
　　DAINIA J. JABAJI
　　Attorneys for Defendant
　　BANK OF AMERICA, N.A.

# TABLE OF CONTENTS OF EXHIBITS TO NOTICE OF REMOVAL

| **Exhibit** | **Description** | **Page** |
|---|---|---|
| A | Complaint, all pleadings, process, and orders served on BANA in the State Court Action, and the State Court Action docket | 1 |
| B | Proof of Service of Summons filed in the State Court Action | 52 |