UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD FARSHAD ABDOLLAH NIA,<br><br>         Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>         Defendant. | Case No.: 21-cv-01799-BAS-BGS<br><br>**ORDER GRANTING JOINT MOTION TO AMEND SCHEDULE**<br><br>**[ECF No. 34]** |

Before the Court is the parties' December 19, 2022,[1] Joint Motion to Amend the Schedule. (ECF No. 34.) The parties seek to extend the deadline in which the parties may move to amend the pleadings from December 2, as provided in this Court's October 7 Scheduling Order Regulating Discovery and Other Pre-trial Proceedings (Scheduling Order), to February 2, 2023. (ECF Nos. 31, 34.) For the following reasons, the Court holds that the parties show neither excusable neglect for failing to timely file this motion nor good cause for an extension of the deadline to move to amend the pleadings. The Court does, however, exercise its general discretion to manage discovery, and **GRANTS** the motion to amend the Scheduling Order (ECF No. 31), so that the parties may move to amend their pleadings up to and including **February 2, 2023**.

I.  **FACTUAL BACKGROUND**

Plaintiff's Class-Action Complaint was filed in state court on August 27, 2021. (ECF No. 1.) The case was removed to this Court on October 21, 2021. *Id.* Discovery deadlines in this case have been extended by the parties, without consulting with the Court, on the following relevant occasions.

---

[1] Unless otherwise indicated, all months and days are in 2022.

1

21-cv-01799-BAS-BGS

Plaintiff served a First Set of Requests for Production of Documents (RFPs), Interrogatories, and Admissions on September 14. (Smith Decl. ¶ 5.) Defendant had until October 14 to respond. *See* Fed. R. Civ. P. 34(b)(2) (providing that a party has 30 days from service of RFPs to respond). Plaintiff served Amended RFPs, Interrogatories, and Admissions on October 12. (*Id.* ¶ 9.) According to the parties' joint motion, Defendant "believes the [discovery served on September 14] [was] mooted when Plaintiff served Amended [RFPs, Interrogatories, and Requests for Admissions on October 12]." (Joint Mot. 2.)

The parties agreed Defendant's responses to the First and Amended Requests would be due on November 14. (Smith Decl. ¶¶ 8-9.) They later extended the response deadline for the Amended Requests to November 21. (*Id.* ¶ 17.) Defendant served responses to Plaintiff's Amended Requests on November 21. (*Id.* ¶ 21.) But, according to the parties' brief (Joint Mot. 4.), and attached Declaration (*Id.* ¶ 25), by December 2, which is the deadline to move to amend pleadings in this Court's Scheduling Order, neither party had produced any documents in response to any RFPs.[2] Defendant served only one discovery request on Plaintiff, RFPs on September 30, with a response deadline the parties later extended to December 14. (Joint Mot. 3 n.3.)

When the parties contacted Chambers on December 5, the Court extended their 30-day deadline to bring a discovery dispute to the Court's attention to December 20. (ECF No. 33.) According to their motion, Plaintiff produced documents on December 14, and Defendant anticipates producing documents on a "rolling basis," beginning on December 21. (Joint Mot. 4.) After the parties again contacted Chambers on December 20, a telephonic joint discovery conference was scheduled for December 28. (ECF No. 35.)

---

[2] Paragraph 25 appears to conflict with Paragraph 21. Paragraph 21 states that Defendant served Plaintiff with responses and objections to Plaintiff's First Set of Amended RFPs on November 21. (*Id.* ¶ 21.) Paragraph 25 states that neither party had begun producing documents in response to the parties' respective RFPs as of December 2. (*Id.* ¶ 25.)

To summarize, Defendant was served with a first set of RFPs on September 14 (Smith Decl. ¶ 5), and by agreement of the parties, it appears that Defendant was to begin responding to them on a "rolling basis" beginning on December 21 (Joint Mot. 4), over 90 days from September 14. Defendant was served with Amended RFPs on October 12 (Smith Decl. ¶ 9), and only partially responded to them on November 21 (*Id.* ¶ 21), making it appear that Defendant was also to respond to the remaining requests on a "rolling basis" beginning on December 21 (Joint Mot. 4), over 60 days from October 12. Finaly, Defendant served only one discovery request on Plaintiff, RFPs on September 30, with a response deadline the parties later extended to December 14, over 60 days from September 30. (*Id.* at 3 n.3.)

Under Judge Skomal's Chambers' Rules, "[a] propounding party may grant a responding party up to a 30-day extension to respond to discovery requests." Judge Skomal's Chambers' Rule V(C). "If the parties wish to extend a response deadline more than [30 days] from the original deadline, they must jointly call Judge Skomal's chambers and speak to the Research Attorney assigned to their case." *Id.*

At this juncture, the parties appear to have extended at least three 30-day response deadlines beyond the 30 days allowed by agreement of the parties under Rule V(C) without contacting the Court. *See* Rule V(C).

## II. LEGAL STANDARDS

Once a scheduling order under Federal Rule of Civil Procedure 16 has been entered by a court, Rule 16 standards control the amendment of pleadings. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]he Court's primary focus is on the movant's diligence in seeking amendment . . . ." *Morales v. Chula Vista*, No. 07-cv-0186 DMS (WMC), 2008 WL 11508595, at *2 (S.D. Cal. Apr. 15, 2008). Finally, as incorporated in the Court's Chambers' Rules, Federal Rule of Civil Procedure 6(b)(1)(B) requires that parties address excusable neglect when they have moved to extend time after time has expired. *See* Fed.

R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). "[A] party moving to amend a pleading after a scheduling order deadline has passed must support the motion by demonstrating both excusable neglect and good cause." *Weil v. Carecore Nat'l, LLC*, No. 10-cv-00799-CMA-CBS, 2011 WL 1938196, at *2 (D. Colo. May 19, 2011).

### III. DISCUSSION

#### A. Good Cause

When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing (1) that the party was diligent in assisting the court in creating a workable Rule 16 order; (2) that the party's noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding the party's diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that the party was diligent in seeking amendment of the Rule 16 order, once it became apparent that the party could not comply with the order. *Hood v. Hartford Life and Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1225-26 (E.D. Cal. 2008).

First, the parties were diligent in assisting the Court in creating a workable Rule 16 order by preparing and appearing for the Case Management Conference (CMC) on October 3, 2022 (ECF No. 29.). *See id.* As to the second and third factors, however, the parties' request that the Court extend the time in which it can file a motion to amend pleadings is not due to the development of matters unforeseeable at the time of the CMC, and the parties were not diligent in seeking an amendment of the Rule 16 order once it became apparent that they could not comply with the order. *See id.*

Specifically, by December 2, the deadline to move to amend pleadings, it appears that neither party had produced any documents in response to any RFPs. (Joint Mot. 4.) According to their brief, they had not done so because up to that point they had been developing Electronically Stored Information (ESI) protocol for document production and

working to resolve Defendant's objections to Plaintiff's Amended Interrogatories and Requests for Admission. *Id.* As noted, the parties have extended at least three 30-day response deadlines beyond the 30 days allowed by agreement of the parties under Rule V(C) without contacting the Court as required by Judge Skomal's Chambers' Rules when parties seek to extend a response deadline more than 30 days from the original deadline. *See* Rule V(C).[3] Finally, to the extent that Defendant anticipates producing documents on a "rolling basis," beginning by December 21, over 90 days after the first set of discovery was served on September 14 (Joint Br. 4.), and continuing to some unspecified time in the future, the parties' agreement continues to violate Judge Skomal's Chambers' Rules.

In sum, the parties' agreements to extend discovery response deadlines have contributed to the need for their present motion. Furthermore, their failure to contact Chambers to request extensions of time violated Judge Skomal's Chambers' Rules. As a result, the Court does not find good cause to allow an extension of the time in which to move to amend a pleading.

**B. Excusable Neglect**

Because the parties' joint motion has been filed 17 days beyond the deadline to move to file additional pleadings (the deadline was December 2, and this motion was filed on December 19), they must also show excusable neglect for the Court to hear this motion. *See Mireles*, 13-CV-122-L (BGS), at *2. For the same reasons the Court finds no good cause to extend the date in which the parties can move to amend pleadings, the Court finds no excusable neglect for the untimely filing of this motion.

To determine whether there has been excusable neglect, this Court must consider "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its

---

[3] Under Judge Skomal's Chambers' Rules, if parties fail to jointly call Chambers and speak to the Research Assistant assigned to their case when they seek to extend a response deadline more than 30 days from the original deadline, they may waive any potential dispute arising from those discovery requests. *Id.*

potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Id.* The weight assigned to the factors is left to this Court's discretion. *Id.*

The reason for the delay in filing this joint motion was entirely within the control of the parties. The parties' brief discusses the various extensions upon which the parties have agreed over the past four months, before the December 2 deadline to move to amend their pleadings, and it would have been clear to the parties that their ongoing circumstances would require that they move for an extension of the date during which they could move to amend their pleadings. The Court places significant weight on this factor and finds no excusable neglect.

### C. Court's Discretion

"Because no single rule or deadline can encompass the myriad variations in discovery, magistrate judges are given broad discretion to manage the overall process in the interests of dispatch and fairness." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019). The parties do not appear to seek to extend the date in which to amend their complaint in bad faith, and there have been no previous amendments to either party's pleadings. The Court exercises its discretion to extend the Scheduling Order's December 2 deadline for moving to amend pleadings up to and including **February 2, 2023**.

### IV. CONCLUSION

The Court **GRANTS** the motion to amend the schedule so that the parties may file a motion to amend the pleadings up to and including **February 2, 2023**.

**IT IS SO ORDERED**.

Dated: January 3, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge