1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MOHAMMAD FARSHAD ABDOLLAH NIA, individually, and on behalf of all others similarly situated,

                    Plaintiff,

    v.

BANK OF AMERICA, N.A., a National Banking Association,

                    Defendant.

Case No. 21-cv-1799-BAS-BGS

**ORDER GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS TO SEAL (ECF Nos. 64, 73, 77, 80, 99)**

Plaintiff Mohammad Farshad Abdollah Nia ("Nia") brings a putative class action against Bank of America, N.A. ("BANA") for violations of the Equal Credit Opportunity Act, federal civil rights law, and the California Unruh Civil Rights Act. Before the Court are five motions by Parties to file documents under seal. (ECF Nos. 64, 73, 77, 80, 99.) Plaintiff Nia seeks leave to file under seal portions of his Summary Judgment and Class Certification Papers (ECF No. 64), portions of his Motion to Exclude Charles Grice (ECF No. 77), and portions of his Reply in Support of his Motion for Partial Summary Judgment and Memorandum in Opposition to Defendant's Motion to Exclude Peter Piatetsky (ECF No. 99). Defendant BANA seeks leave to file under seal portions of its Opposition to Plaintiff's Motion for Class Certification and Combined Cross-Motion for Summary

- 1 -

Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 73), and portions of its Motion to Exclude Peter Piatetsky (ECF No. 80).  All five motions are unopposed.

For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the motions to seal portions of Plaintiff's Motion for Summary Judgment and Class Certification Papers, portions of his Motion to Exclude Charles Grice, and portions of Plaintiff's Reply in Support of Partial Summary Judgment and Opposition to Defendant's Motion to Exclude.  (ECF Nos. 64, 77, 99.)  The Court **DENIES** Defendant's motions to seal its Opposition to Plaintiff's Motion for Class Certification and Combined Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 73), and portions of its Motion to Exclude Peter Piatetsky (ECF No. 80).

## LEGAL STANDARD

When it comes to court records, courts adhere to a strong presumption in favor of public access.  *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (cleaned up)); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) ("The presumption of access is based on the need for federal courts, although independent . . . to have a measure of accountability and for the public to have confidence in the administration of justice." (cleaned up)).

Thus, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption of access.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  The heft of that burden depends on the type of motion tied to the documents sought to be sealed.  When the related motion is more than "tangentially related to the merits of the case," the more rigorous "compelling reasons" standard applies.

*Chrysler*, 809 F.3d 1096–98, 1102.  If the related motion is not more than tangentially related to the merits of the case, the more relaxed "good cause" standard applies.  *Id.* at 1096–98.

Motions to exclude expert witness, motions for summary judgment, and motions for class certification are all more than tangentially related to the merits of a case, and thus the compelling reasons standard applies to such motions.  Under this standard, "the [moving] party must articulate compelling reasons [to seal a document] supported by specific factual findings."  *Kamakana*, 447 F.3d at 1178 (cleaned up).  These compelling reasons must "outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.  *Id.* at 1178–79 (cleaned up).

"[T]he use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets" all constitute compelling reasons to seal court records.  *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).  A court should seal "sources of business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179 (cleaned up).  Similarly, it is not enough to "mention[] a general category of privilege, without any further elaboration or any specific linkage with the documents."  *Id.* at 1184.  Courts will also not seal proposed redactions when they are "either already publicly available or were available in other documents being produced."  *Id*.  Courts will, however, seal "sensitive personal information."  *Id*.

In addition, parties moving to seal documents must comply with the procedures set forth in the Southern District of California and in this Court's standing order for filing documents under seal.  The Southern District of California Electronic Case Filing Administrative Policies and Procedures Manual requires parties redact "social security numbers, the names of minor children, dates of birth, [and] financial account numbers." Section 1.h.  This Court's standing order permits sealing of "only those documents, or

portions thereof, necessary to protect such sensitive [personal or confidential] information." Standing Order of the Hon. Cynthia Bashant for Civil Cases ¶ 5.A. Thus, although sometimes it may be appropriate to seal a document in its entirety, a party must redact information, rather than exclude an entire document, whenever possible. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *see also Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits in their entireties but directing parties to redact confidential information).

Overall, when ruling on motions to seal, district courts have wide discretion and must consider "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## ANALYSIS

Plaintiff and Defendant each filed their motions to seal in connection with their associated motions: to exclude witnesses, for partial summary judgment, and for and against class certification. Because such motions are more than tangentially related to the merits of the underlying dispute, these motions to seal are subject to the "compelling reasons" standard. *Kamakana*, 447 F.3d at 1180. The Court reviews each motion under this standard and examines whether each motion to seal is sufficiently tailored.

## I. Plaintiff's Motion to Seal Plaintiff's Motion for Partial Summary Judgment and Class Certification

In this motion to seal, Plaintiff seeks leave to file under seal portions of his Motion for Partial Summary Judgment and Class Certification. (ECF No. 64.) Specifically, Plaintiff seeks leave to file under seal: redactions from Plaintiff's Memorandum of Points and Authorities in Support of Partial Summary Judgment and Class Certification; the entireties of Exhibits 1–5, 7–12, 15, 18, 21, 45, and 49 attached to the Motion; and portions of Exhibits 13, 14, 19, and 20. (ECF No. 64 at 1:10–12.)

Plaintiff does not offer a reason in support of his motion to seal apart from the fact the documents were designated "CONFIDENTIAL" and "CONFIDENTIAL –

1  ATTORNEYS' EYES ONLY" under the discovery protective order.  (ECF No. 64 at 1:7–
2  9.)  This justification alone is insufficient.  *Kamakana*, 447 F.3d at 1183.  Accordingly,
3  wherever Parties cite a confidentiality designation as a compelling reason without further
4  support, the Court will deny the motion to seal.

5      In support of Plaintiff's motion to seal, Defendant contends portions of Plaintiff's
6  Motion for Partial Summary Judgment and Class Certification contain confidential
7  business information and trade secrets.  (ECF No. 69 at 4:10–14.)

8      The Supreme Court and the Ninth Circuit have both made clear that compelling
9  reasons exist to seal court records when the records "might be used . . . 'as sources of
10  business information that might harm a litigant's competitive standing.'"  *Chrysler*, 809
11  F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598).  Such business information includes, but is
12  not limited to, "trade secrets."  *Kamakana*, 447 F.3d at 1179.  The Ninth Circuit has adopted
13  the Restatement's definition of "trade secret," *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th
14  Cir. 1972), which is "any formula, pattern, device or compilation of information which is
15  used in one's business, and which gives him an opportunity to obtain an advantage over
16  competitors who do not know or use it," Restatement (First) of Torts § 757, cmt. B (1939).
17  For instance, "pricing terms, royalty rates, and guaranteed minimum payment terms" of
18  patent licensing agreements have been deemed sealable trade secrets.  *In re Elec. Arts, Inc.*,
19  298 F. App'x 568, 569 (9th Cir. 2008).

20      Courts have held that "confidential business information" in the form of "license
21  agreements, financial terms, details of confidential licensing negotiations, and business
22  strategies" also satisfies the compelling reasons standard.  *See In re Qualcomm Litig.*, No.
23  3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); *see also*
24  *Jam Cellars, Inc. v. Wine Grp., LLC*, No. 19-CV-01878-HSG, 2020 WL 5576346, at *2
25  (N.D. Cal. Sept. 17, 2020).

26
27
28

21cv1799

### A.    Plaintiff's Motion for Partial Summary Judgment and Class Certification

Plaintiff seeks to file under seal portions from his Memorandum of Points & Authorities in Support of Partial Summary Judgment and Class Certification.  (ECF No. 68.)[1]

The Court finds these redactions are overinclusive and do not redact information that may grant BANA's competitors an edge such that it meets the definition of confidential business information or trade secrets.   Accordingly, the motion to seal portions of Plaintiff's Motion for Partial Summary Judgment is hereby **DENIED** without prejudice. (ECF No. 64.)

### B.    The "Policies I"

For ease of analysis, the exhibits Plaintiff seeks to seal are grouped based on their subject-matter.  (ECF No. 68-1, Exs. 1–5, 7–12, 15, 18.)[2]  The following exhibits comprise the "Policies I" group, of which Plaintiff moves to seal the entirety of each:

| Exhibit(s) | Document Description |
|---|---|
| 1-5, 12 | Office of Foreign Assets Control (OFAC) and Economic Sanctions [Versions Effective 23 Dec 2022, Revised 08 Nov 2016, 05 Jun 2019, 07 Oct 2019, 18 Apr 2016] |
| 7-10 | Document Review Guide – Consumer Residency Monitoring (CRM) [Versions Effective 11 Jan 2022, 17 Apr 2019, 26 Aug 2019, 03 Jan 2022] |
| 11 | Review Acceptable Proof of U.S. Residency [Revised 02 Jan 2020] |
| 15 | Acceptable Customer Identification Job Aid [Effective 08 Feb 2022] |

[1] The sealed version of this document is lodged at ECF No. 68, and the public version is docketed at ECF No. 63-1.  The Court will cite to the sealed and unredacted version of each proposed sealed document throughout this Order.

[2] The sealed versions of these documents are lodged at ECF No. 68-1, Exs. 1–5, 7–12, 15, 18, and the public versions are docketed at ECF No. 63-2, Exs. 1–5, 7–12, 15, 18.

21cv1799

| 18 | Deposit Account Closure Process – Global Account Closure Team (GACT) [Effective 21 Dec 2022] |
|----|----|

As discussed above, Plaintiff's reasoning in support of his motion to seal these documents is insufficient.

However, Defendant raises several additional arguments in support of Plaintiff's motion to seal the entireties of the Policies I. First, Defendant argues these exhibits should be sealed "because they expressly refer to or incorporate highly sensitive trade secret and confidential research and technical information regarding . . . BANA's proprietary software." (ECF No. 69 at 6:19–24.)

Second, Defendant argues these exhibits should be sealed in their entireties because they "set forth . . . internal economic sanctions requirements and procedures for account opening, account servicing, and international wire transfers." (*Id.* at 4:20–23.) Defendant raises concerns that these documents could reveal BANA's policies put in place to comply with the anti-money laundering ("AML") and customer due diligence ("CDD") (collectively, "AML/CDD") requirements set by the Office of Foreign Assets Control ("OFAC") and the Bank Secrecy Act. Defendant is concerned that public access to the requirements and procedures within these documents "may allow illicit actors to circumvent" these requirements by circumventing Defendant's procedures. (ECF No. 69-1, Cote Decl. ¶ 5.)

Finally, Defendant argues the documents should remain sealed because "[i]t is BANA's policy to keep this information in the Policies . . . confidential and out of the public record." (*Id.* ¶ 6.)

On the whole, all of the Policies I documents appear to be related to Defendant's procedures for various account activities with customers from a number of countries facing economic sanctions, including Iran. These documents range in content from customer service procedures, to approved documents to demonstrate residency in the United States, to how BANA reviews those documents. However, it is unclear how access to these

- 7 -

procedures would assist "illicit actors" in circumventing the AML/CDD requirements, as Defendant alleges (*see, e.g.*, ECF No. 69-1, Cote Decl. ¶ 5), when the requirements to demonstrate citizenship or proof of residency are already available to the public via anyone attempting to open an account with BANA.  Similarly, it is unclear how publication of these documents would give competitors an edge over BANA.  And, finally, that it is a company's policy to keep information confidential and out of the public record is not a sufficient basis to seal a court record under the standard set forth by *Nixon*, *Kamakana*, or *Center for Auto Safety*, and thus will not be addressed here.

Accordingly, the Court **DENIES** Plaintiff's motion to seal these documents without prejudice.  (ECF No. 64 at 10–11.)

### C.    The "Expert Reports and Disclosures"

In connection with his Motion, Plaintiff also moves to seal a set of Expert Reports and Disclosures: Exhibits 13–14, 19, and 20.  (ECF No. 68-1 at 13–14, 19–20.)  The Court will analyze the reasons for sealing each of these exhibits in turn.

#### 1.    Report of Peter Piatetsky

Plaintiff seeks to redact and file under seal sections of the Report of Peter Piatetsky. (ECF No. 68-1, Ex. 13.)[3]  Defendant responds in support and states the redactions may be more limited than those proposed by Plaintiff.  (*See* ECF No. 69, Ex. 13.)  Because it is Defendant's information at issue, and because the presumption applied here is one of public access, the Court considers Defendant's arguments in support of the more limited sealing.

As was the case for Exhibits 1–5, many of the proposed redactions within this report deal with BANA's internal policies to effect compliance with federal sanctions of Iran and other countries or regions.  (*See, e.g.*, ECF No. 69 at 162–64.)  Other redactions seem to be an attempt to conceal unflattering opinions about BANA, rather than confidential business information. (*See, e.g.*, *id.* at 156–57.)  Although the report discusses which kinds of documents BANA will or will not accept as proof of residency, the Court is perplexed

---

[3] The sealed version of this document is lodged at ECF No. 68-1, Ex. 13, and the public version is docketed at ECF No. 63-2, Ex. 13.

1  as to why this information constitutes a trade secret or confidential business information;

2  the information would likely be easily discovered by someone from any of the affected

3  countries attempting to open or maintain an account with BANA.

4      Upon the arguments raised, the Court does not accept any of the proposed redactions

5  to Exhibit 13, the Report of Peter Piatetsky, as proposed by Defendant in ECF No. 69.

6  Accordingly, Plaintiff's motion to seal portions of Exhibit 13 is **DENIED** without

7  prejudice. (ECF No. 64.)

8                    **2.    Plaintiff's Rebuttal Expert Disclosure**

9      Plaintiff seeks to redact and file under seal portions of Plaintiff's Rebuttal Expert

10  Disclosure. (ECF No. 68-1, Ex. 14.)[4]  Defendant agrees, but states the redactions may be

11  more limited. (*See* ECF No. 69, Ex. B.)  Because it is Defendant's information at issue,

12  the Court considers Defendant's arguments in support of the more limited sealing.

13      As discussed above, unless Parties can raise compelling reasons, all redactions

14  dealing with BANA's proof of residency policy and the documents required to comply

15  with it do not currently meet the sealing requirements set forth under *Nixon*, *Kamakana*, or

16  *Center for Auto Safety*.  Accordingly, portions of exhibits dealing with this topic will not

17  be sealed. (*See, e.g.*, ECF No. 69, Ex. 14, at 172–178, 181–84.)  However, where the report

18  discusses the absolute numbers of BANA's customers, such information constitutes

19  confidential business information and therefore presents a compelling reason to seal these

20  portions of the report and therefore will be sealed. (*Id.* at 179–80.)  For a detailed list of

21  which redactions the Court accepts and which the Court denies, Parties may refer to

22  Appendix A.

23      Accordingly, Plaintiff's motion to seal portions of his Rebuttal Expert Disclosure

24  (ECF No. 68-1, Ex. 14) is **GRANTED IN PART** and **DENIED IN PART** without

25  prejudice. (ECF No. 64.)

26

27

28  [4] The sealed version of this document is lodged at ECF No. 68-1, Ex. 14, and the public version is docketed at ECF No. 63-2, Ex. 14.

21cv1799

### 3.     Rebuttal Expert Report of Charles H. Grice

Plaintiff seeks to redact and file under seal portions of Defendant's Rebuttal Expert Disclosure.  (ECF No. 68-1, Ex. 19.)[5]  Defendant agrees, but states the redactions may be more limited.  (*See* ECF No. 69-3, Ex. 19.)

As discussed above, Parties have not raised compelling reasons to seal information regarding BANA's proof-of-residency policy.  Under *Nixon*, *Kamakana*, or *Center for Auto Safety*, this Court cannot seal these judicial documents without a compelling reason.  Thus, portions of exhibits, such as Exhibit 19, dealing with BANA's proof-of-residency policy will not be sealed.  (*See, e.g.*, ECF No. 68-1, Ex. 19, at ¶¶ 12–13, 19.)

Parties also seek to seal portions of Exhibit 19 wherein Defendant's expert offers a number of opinions to rebut Plaintiff's expert.  These redacted arguments do not meet the sealing requirements set forth under *Nixon*, *Kamakana*, or *Center for Auto Safety*.  Accordingly, the portions of Defendant's Rebuttal Expert Report (ECF No. 68-1, Ex. 19) consisting of nonspecific opinions or critiques of Plaintiff's expert will not be sealed.  (*See, e.g.*, *id.* at ¶¶ 5, 8–10, 16–18, 23, 29–30.)  Parties may refer to Appendix A for a detailed accounting of each ruling.

Parties also seek to seal several items of publicly available information.  (ECF No. 68-1, Ex. 19 at ¶¶ 11, 14–15, 24–28.)  Perplexingly, such information includes citations to the United States Code, the Code of Federal Regulations, and the United States State Department website.  (*See id.* at ¶¶ 11, 14–15.)  Similarly, Parties seek to seal references in Exhibit 19 to events already stated in Plaintiff's Complaint.  (*Id.* at ¶¶ 24–28.)  This information, too, is already publicly available.  The Court fails to see the utility in sealing information already in the public sphere.  Accordingly, Plaintiff's motion to seal such portions of Exhibit 19 is **DENIED** with prejudice.  (ECF No. 64.)

In contrast, knowledge of the exact number of customers who use various documents as proof of residency may give competitors an edge.  Thus, this presents a compelling

---

[5] The sealed version of this document is lodged at ECF No. 68-1, Ex. 19, and the public version is docketed at ECF No. 63-2, Ex. 19.

reason to seal such information.  Accordingly, the motion to seal Exhibit 19, paragraph 31, is **GRANTED**.  (ECF No. 64.)

Plaintiff's motion to seal portions of Exhibit 19 (ECF No. 68-1, Ex. 19) is thus **DENIED IN PART** and **GRANTED IN PART**.  (ECF No. 64.)

### 4.    BANA's Initial Expert Disclosure

Plaintiff seeks to redact and file under seal portions of Plaintiff's Rebuttal Expert Disclosure.  (ECF No. 68-1, Ex. 20.)[6]  Defendant agrees but states the redactions may be more limited.  (*See* ECF No. 69, Ex. 20.)  Defendant has the burden to show why portions of the exhibit should be filed under seal because Parties here seek to seal Defendant's information.

Again, the proposed redactions appear to concern internal policies that do not constitute sensitive business information or trade secrets, or they are redactions of publicly available information.  Such information does not warrant sealing.

Accordingly, Plaintiff's motion to seal portions of Exhibit 20 is hereby **DENIED** without prejudice.  (ECF No. 64.)

### D.    The Customer Data

Plaintiff seeks to file the entirety of Exhibit 21 under seal, the "Customer Data." (ECF No. 68-1, Ex. 21.)[7]  Defendant agrees and argues in favor of sealing Exhibit 21.  (ECF No. 69 at 5:14–6:2.)  Defendant persuasively argues that this exhibit contains "Customer Data," which "includes certain of BANA's internal deposit account and credit account closure data of certain customers who are citizens of Iran."  (*Id.* at 5:14–16.)  The Court finds such information falls under the umbrella of personally identifiable information. Accordingly, the Court finds there is a compelling reason to seal Exhibit 21 as it contains personal financial information and other sensitive personal information.   The Court

---

[6] The sealed version of this document is lodged at ECF No. 68-1, Ex. 20, and the public version is docketed at ECF No. 63-2, Ex. 20.

[7] The sealed version of this document is lodged at ECF No. 68-1, Ex. 21, and the public version is docketed at ECF No. 63-2, Ex. 21.

21cv1799

**GRANTS** Plaintiff's motion to seal Exhibit 21 and **ORDERS** the entirety of Exhibit 21 be sealed.  (ECF No. 64.)

### E.    The Transcript Excerpts

Plaintiff moves to seal the entireties of Exhibits 45 and 49 ("the Transcript Excerpts"), which are transcripts of depositions taken during this case.  (ECF No. 68-1, Exs. 45, 49.)[8]  Defendant responds in support of the motion.  (ECF No. 69.)

Defendant argues that because these Transcript Excerpts "include discussions regarding BANA's internal proof of U.S. residency requirements and consumer residency monitoring policies" they thus contain "sensitive information."  (*Id.* at 5:18–22, 4:15–19.)

Upon review of the Transcript Excerpts, the Court does not find they warrant sealing in their entireties and instead directs Defendant, should it desire parts of the Transcript Excerpts to be sealed, to propose redactions that are as limited as possible and only those for which Defendant has a compelling reason to justify cloaking the information from the public eye.  *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear").  Accordingly, the motion to seal Exhibits 45 and 49 is **DENIED** without prejudice.  (ECF No. 64.)

## II.    Defendant's Motion to Seal Portions of Its Opposition to Class Certification and Cross-Motion for Summary Judgment with Response

In this motion to seal, Defendant seeks leave to file under seal portions of its Opposition to Plaintiff's Motion for Class Certification and Combined Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment Papers.  (ECF No. 73.)  Specifically, Defendant seeks leave to file under seal portions of its Summary Judgment Brief; portions of its Opposition to Class Certification; the OFAC and Economic Sanctions Job Aid (effective October 3, 2022) ("Policy II"); excerpts from the deposition of Cheryl Cote; and excerpts from the deposition of Sahand Boorboor ("Transcript Excerpts II").  (*Id.* at 1:16–25.)

---

[8] The sealed versions of these documents are lodged at ECF No. 68-1, Exs. 45, 49, and the public versions are docketed at ECF No. 63-2, Exs. 45, 49.

In support of Defendant's motion to seal, BANA first contends these documents should be sealed "because they contain and refer to highly sensitive trade secrets, confidential research and technical information related to the management and administration of BANA's proprietary software and internal policies and procedures." (*Id.* at 2:28–3:2.)  Second, BANA contends the information "is not available to the public and could be used for improper purposes by BANA's competitors or other illicit actors." (*Id.* at 3:12–13.)  Third, BANA claims the public will not benefit from access to this information.  (*Id.* at 3:14.)

Regarding BANA's first and second arguments, these arguments collapse together and as such the Court will consider them as one.  Any information that contains trade secrets or that could be used by BANA's competitors to gain a competitive edge presents a compelling reason to be sealed from the public eye.  *See supra* at § I.  If meritorious, this is a compelling reason to seal information and the Court will analyze each piece of information with that in mind.

Regarding BANA's third argument, BANA is improperly attempting to weigh interests rather than overcome the presumption of public access.  Although *Chrysler* briefly discusses balancing the interests of the public against those of the party seeking to seal information from the public, the Ninth Circuit has not since applied *Chrysler* as a classic balancing test where a party can diminish countervailing interests by attacking that interest's validity.  *See* 809 F.3d at 1096–97.  Rather, the Ninth Circuit applies the automatic *Kamakana* strong presumption of public access and then looks to the moving party to overcome that presumption through a compelling reason.  *See, e.g.*, *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Chrysler* only to demonstrate the requirement that the moving party present a compelling reason to overcome a "presumptive right of access," but not balancing those interests against each other).  Accordingly, the Court will not engage in Defendant's weighing argument.

The Court will consider the motion in light of the permissible arguments discussed above and analyze each piece of information Parties seek to seal in turn.

1

2

### A.   Defendant's Summary Judgment Brief and Opposition to Class Certification

3

4

Defendant seeks to redact and seal portions of its Summary Judgment Brief (ECF No. 74-1),[9] and portions of its Opposition to Class Certification (ECF No. 74).[10]

5

6

7

8

9

The Court finds these redactions are overinclusive and do not redact information that may hurt BANA's competitive edge, or risk personally sensitive information.  Rather, the redactions are of information that goes to the heart of the case.  Accordingly, Defendant's motion to seal portions of its Summary Judgment Brief and portions of its Opposition to Class Certification is hereby **DENIED** without prejudice.  (ECF No. 73.)

10

### B.   The Policy II

11

12

13

14

15

16

Defendant moves to seal Exhibit 6 in its entirety: the OFAC and Economic Sanctions Job Aid (effective October 3, 2022) ("the Policy II").[11]  (ECF No. 73 at 2:28–3:13.)  BANA seeks to seal the Policy II because it "sets forth BANA's internal economic sanctions requirements and procedures implementing BANA's residency monitoring policy, and serves as a guide to BANA associates on how to implement policy and how [to] communicate with BANA customer's regarding the same."  (ECF No. 73-1 ¶ 4.a.)

17

18

19

20

Like the Policies I discussed above, *see supra* § I.B., Defendant does not provide a compelling reason to seal this document.  BANA's "illicit actor" argument fails for the same reasons already discussed above.  Thus, the motion to seal regarding Exhibit 6 is **DENIED** without prejudice.  (ECF No. 73)

21

### C.   Transcript Excerpts II

22

23

Defendant moves to seal the entireties of Exhibits 16 and 20 to its Motion for Summary Judgment and Opposition to Class Certification, which contain excerpts from

24

25

26

27

28

---

[9] The sealed version of this document is lodged at ECF No. 74-1, and the public version is docketed at ECF No. 72-1.

[10] The sealed version of this document is lodged at ECF No. 74, and the public version is docketed at ECF No. 71.

[11] The sealed version of this document is lodged at ECF No. 74-2, Ex. 6, and the public version is docketed at ECF No. 72-4, Ex. 6.

the depositions of Cheryl Cote (ECF No. 72-4, Ex. 16),[12] and Sahand Boorboor (*id.*, Ex. 20).[13]  (ECF No. 73.)

Defendant argues that, like the Policy II document discussed above, the deposition excerpts both discuss BANA's "internal proof of residency requirements and consumer residency monitoring policies" that BANA set up to meet AML/CDD requirements.  (ECF No. 73 at 3:6–9.)  Defendant states these sorts of "policies [are] designated as confidential." (ECF No. 73-1 at ¶ 4.b.)  However, that something has been designated as confidential is not a compelling reason under the standard provided by the caselaw.  Defendant also states that publication of these procedures could make BANA vulnerable to "illicit actors."  (*Id.* at ¶ 2.)  Without further explanation of what kinds of illicit actors BANA contemplates here, or what the information could assist them in doing, Defendant has not provided a compelling reason to seal the entireties of Exhibits 16 and 20.  Furthermore, Defendant has also not made an effort to redact solely the sensitive portions of these exhibits as required. *See Kamakana*, 447 F.3d at 1183.

Accordingly, Defendant's motion to seal Exhibits 16 and 20 in their entireties is **DENIED** without prejudice.  (ECF No. 73.)

### III. Plaintiff's Motion to Seal Portions of Plaintiff's Daubert and Supporting Exhibits

In this motion to seal, Plaintiff seeks leave to file under seal portions of his Memorandum of Points and Authorities in Support of Motion to Exclude (ECF No. 95)[14] ("Plaintiff's Daubert"), as well as Exhibits A and G in support of that Memorandum (ECF No. 78, Exs. A, G),[15] and portions of Exhibits 19–20 to Plaintiff's Appendix in Support of

---

[12] The sealed version of this document is lodged at ECF No. 74-2, Ex. 16, and the public version is docketed at ECF No. 72-4, Ex. 16.

[13] The sealed version of this document is lodged at ECF No. 74-2, Ex. 20, and the public version is docketed at ECF No. 72-4, Ex. 20.

[14] The sealed version of this document is lodged at ECF No. 95, and the public version is docketed at ECF No. 76-1.

[15] The sealed versions of these documents are lodged at ECF No. 78, Exs. A, G, and the public versions are docketed at ECF No. 76-3, Exs. A, G.

Partial Summary Judgment and Class Certification (ECF No. 68-1).[16]   (ECF No. 77 at 1:11–14.)

Plaintiff again does not offer a reason in support of this motion to seal apart from the fact the documents were designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under a discovery protective order.  (ECF No. 77 at 1:7–10.)  This justification alone is insufficient.  *Kamakana*, 447 F.3d at 1183.

In support of Plaintiff's motion to seal, Defendant contends the excerpts Plaintiff seeks to seal "contain highly sensitive trade secret and confidential research and technical information." (ECF No. 82 at 3:1–2.)  As discussed above, if true, such information would merit sealing from the public.  However, also as discussed above, Defendant's second argument in support of sealing is incorrect: that the public receives no benefit from the disclosure of this information.  (ECF No. 82 at 3:12–13.)  BANA's argument about public benefit again improperly attempts to weigh interests rather than overcome the presumption of public access.  BANA improperly attempts to diminish the public interest instead of addressing it as the strong presumption it is.  Accordingly, the Court will not engage in weighing these interests here.

Accordingly, the Court reviews Plaintiff's Motion and the associated material as to whether the information sought to be sealed indeed constitutes trade secrets and sensitive business information, which would provide compelling reasons to overcome the strong presumption of public access.

## A.  Plaintiff's Daubert

Plaintiff seeks to seal portions of Plaintiff's Daubert.  (ECF No. 95).  Plaintiff seeks to redact portions of his Memorandum rather than the entirety of it.  In general, these portions of the Memorandum reference or directly quote Grice's testimony from his deposition.

---

[16] The sealed versions of these documents are lodged at ECF No. 68-1, Exs. 19–20, and the public versions are docketed at ECF No. 63-2, Exs. 19–20.

21cv1799

On the whole, the Court finds the selected material is too vague to contain any sensitive business information on the part of BANA.  With regard to Plaintiff's Daubert, Plaintiff's motion to seal is hereby **DENIED** without prejudice.

### B.  Transcript Excerpts from the Grice Deposition: Exhibit A

Plaintiff moves to seal a portion of Exhibit A to the Smith Declaration in support of Plaintiff's Daubert, Exhibit A, which contains a selection of excerpts from the deposition of Defendant's expert, Charles Grice.  (ECF No. 78, Ex. A)[17]  Plaintiff moves to redact one segment of the excerpts contained in Exhibit A.  (ECF No. 78, Ex. A at 213:12–214:4.)  In support of this proposed redaction, Plaintiff states it is moving to seal the information because it was "marked 'CONFIDENTIAL' OR 'CONFIDENTIAL – ATTORNEYS' EYES ONLY' by Defendant."  (ECF No. 77 at 1:8–10.)  As noted in Appendix B to this Order, it is unclear whether the referenced settlement agreement in the selected portion is confidential or publicly available.  Such ambiguity does not present a compelling reason to seal the information from the public eye.  Moreover, BANA's Response in Support of this motion to seal does not discuss the redactions Plaintiff proposed for this exhibit.  *See generally* ECF No. 82.  Accordingly, Plaintiff's motion to seal a portion of Exhibit A to the Smith Declaration is hereby **DENIED** without prejudice.  (ECF No. 77.)

### C.  Transcript Excerpts from the Boorboor Deposition: Exhibit G

Plaintiff moves to seal a portion of Exhibit G to the Smith Declaration in Support of Plaintiff's Daubert, Exhibit G, which contains a selection of excerpts from the deposition of Sahand Boorboor.  (ECF No. 78, Ex. G.)  As noted above and in Appendix B, it is unclear whether the referenced settlement agreement in the selected portion is confidential or publicly available.  Moreover, BANA's Response in Support of this motion to seal does not discuss the redactions Plaintiff proposed for this exhibit.  *See generally* ECF No. 82.  Accordingly, Plaintiff's motion to seal a portion of Exhibit G to the Smith Declaration is hereby **DENIED** without prejudice.  (ECF No. 77.)

---

[17] The sealed version of this document is lodged at ECF No. 78, Ex. A, and the public version is docketed at ECF No. 76-3, Ex. A.

### D.    Expert Reports, Exhibits 19 and 20

The Court has already ruled on the proposed redactions to these Exhibits and shall not revisit them here.  *See supra* I.C.3–4.

## IV.    Defendant's Motion to Seal Portions of Defendant's Daubert

In this motion to seal, Defendant seeks leave to file under seal portions of its Motion to Exclude Plaintiff Expert Peter Piatetsky ("Defendant's Daubert") and excerpts from the deposition of Piatetsky ("Piatestky Deposition").  (ECF No. 80.)

Defendant contends that these portions and excerpts "contain and refer to highly sensitive trade secrets, confidential research and technical information related to the management and administration of BANA's proprietary software and internal policies and procedures, none of which are publicly available."  (ECF No. 80 at 2:20–23.)  Defendant further states that publication of this information to the public may allow the information to "be used for improper purposes by BANA's competitors or other illicit actors."  (ECF No. 80 at 3:4.)  As discussed above, if true, such information may merit sealing from the public.

Finally, BANA alleges that the public will not benefit from the disclosure of such information.  (ECF No. 80 at 3:5–7.)  BANA's argument about public benefit again improperly attempts to weigh interests rather than overcome the presumption of public access.  BANA improperly attempts to diminish the public interest instead of addressing it as the strong presumption it is.  Accordingly, the Court will not engage in weighing these interests here.

Accordingly, the Court reviews Defendant's motion and the associated material as to whether the information sought to be sealed indeed constitutes trade secrets and confidential research and technical information that could be abused by BANA's competitors or other illicit actors.

21cv1799

1

### A.   Defendant's Daubert

2   Defendant seeks to file under seal a single redaction from Defendant's Daubert.
3   (ECF No. 81.)[18]  The Court finds this information does not warrant sealing as it is easily
4   discoverable by any actor attempting to open an account with BANA.  Accordingly,
5   Defendant's motion to seal a portion of Defendant's Daubert is **DENIED** without
6   prejudice.

7

### B.   The Piatetsky Deposition: Exhibit A

8   Defendant seeks to file under seal portions from the Piatetsky Deposition, Exhibit
9   A, in support of Defendant's Daubert.  (ECF No. 81-1.)[19]  Specifically, Defendant seeks to
10  seal two sections of this deposition, which the Court will address in turn.

11  First, Defendant seeks to seal a portion at ECF No. 81-1 at 102:8–103:6.  The Court
12  finds this does not warrant sealing as the selected information does not appear to contain
13  any sensitive business information that would assist an illicit actor or competitor.
14  Accordingly, Defendant's motion to seal this portion of the Piatetsky Deposition is
15  **DENIED** without prejudice.  (ECF No. 80.)

16  Second, Defendant seeks to seal a portion at ECF No. 81-1 at 192:22–194:6.  The
17  information Defendant seeks to seal consists of a hypothetical.  By its very nature,
18  hypothetical information cannot be confidential as the information is not real.
19  Accordingly, Defendant's motion to seal this portion of the Piatetsky Deposition is
20  **DENIED** without prejudice.  (ECF No. 80.)

21  ## V. Plaintiff's Motion to Seal Portions of Plaintiff's Reply, Opposition to
22  ## Defendant's Daubert Motion, and Supporting Exhibits

23  In this revised motion to seal,[20] Plaintiff seeks leave to file under seal Plaintiff's
24  Reply in Support of Plaintiff's Motion for Partial Summary Judgment and Opposition to

25

26  [18] The sealed version of this document is lodged at ECF No. 81, and the public version is docketed at ECF
    No. 79-1.
27  [19] The sealed version of this document is lodged at ECF No. 81-1, and the public version is docketed at
    ECF No. 79-3.
28  [20] This revised motion to seal at ECF No. 99 supersedes Plaintiff's prior motion to seal at ECF No. 86.

- 19 -

1   Defendant's Motion for Summary Judgment. (ECF No. 100-1.)[21]  Plaintiff also seeks leave
2   to file under seal Plaintiff's Opposition to Defendant's Motion to Exclude the Opinions of
3   Peter Piatetsky. (ECF No. 101-1.)[22]  Plaintiff also moves to seal various exhibits and
4   portions thereof in support of this motion and memorandum.

5       Generally, Plaintiff moves to seal these documents because they have been
6   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by BANA under a
7   discovery protective order. (ECF No. 99 3:5–6.)  As discussed above, this justification
8   alone is insufficient. *Kamakana*, 447 F.3d at 1178–79.

9       Plaintiff also seeks to seal select portions of these documents on the grounds that
10  they contain sensitive personal information that warrants sealing under Federal Rule of
11  Civil Procedure 5.2(a) and this Court's Chambers Rules, 5.A. (*See, e.g.*, ECF No. 99 at
12  5:14–17.)  If meritorious, this presents a compelling reason to seal the information.

13      In support of Plaintiff's motion to seal, Defendant recites a familiar list of arguments.
14  BANA again raises the spectre of "illicit actors." (ECF No. 88-1 at 5:21–22.)  BANA also
15  argues publishing the information goes against BANA's policy of not publishing said
16  information. (ECF No. 88 at 5:22–24.)  And, finally, BANA argues that the public will not
17  benefit from publication of the information. (ECF No. 88 at 5:24–27.)  Each of these
18  arguments has already been addressed in this Order and the Court will not recite them again
19  here.  They generally fail to satisfy the *Kamakana* standard that "the [moving] party must
20  articulate compelling reasons [to seal a document] supported by specific factual findings."
21  447 F.3d at 1178 (cleaned up).

22      However, the Court reviews Plaintiff's motion and the associated material as to
23  whether the information sought to be sealed indeed constitutes sensitive personal

---

[21] The sealed version of this document is lodged at ECF No. 100-1, and Defendant's public version is docketed at ECF No. 88-4.
[22] The sealed version of this document is lodged at ECF No. 101-1, and the public version is docketed at ECF No. 85.

information, trade secrets, or confidential research and technical information that could be abused by BANA's competitors or other illicit actors.

### A.   Plaintiff's Memoranda: The Partial Summary Judgment Reply and Opposition and the Daubert Opposition

Plaintiff seeks to file under seal portions from Plaintiff's Summary Judgment Reply and Opposition. (ECF No. 100-1.)  Defendant proposes a more limited set of portions of the Summary Judgement Reply and Opposition to seal.  (ECF No. 88-4, Ex. B.)  Plaintiff also moves to seal portions of his Daubert Opposition due to "inclusion of information from materials designated by Defendant pursuant to Protective Order."  (ECF No. 101-1.) Because the information Plaintiff seeks to seal in Plaintiff's Summary Judgment Reply is information designated confidential by Defendant, the Court refers to Defendant's proposed redactions, where applicable, in making its rulings on Plaintiff's motion to seal.

In general, the information redacted from both the Summary Judgment Reply and the Daubert Opposition is easily discoverable by a potential client attempting to set up an account with BANA.  Because such information is easily discoverable, the Court does not find a compelling reason to seal these portions of Plaintiff's memoranda.

At times, however, Defendant seeks to redact portions of Plaintiff's Summary Judgment Reply and Opposition that either quote sensitive personal information or sensitive business information that could give competitors an edge.  (*See, e.g.*, ECF No. 100-1 at 9:20–21.)  Plaintiff also seeks to seal similar information in portions of Plaintiff's Daubert Opposition.  (*See, e.g.*, ECF No. 101-1 at 17 n.20.)

In these instances, the Court finds a compelling reason to seal these portions of Plaintiff's Summary Judgment Reply and Opposition.  Appendix C, attached to this order, provides a ruling on each proposed redaction.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to file portions of Plaintiff's Summary Judgment Reply and Opposition, and portions of Plaintiff's Daubert Opposition under seal.  (ECF No. 99.)  The Court makes this decision without prejudice.

**B.** **The "Policies III": Exhibits 1–8, 11**

Exhibits 1–8 (ECF Nos. 100-2 to -9)[23] and Exhibit 11 (ECF No. 100-12)[24] comprise the "Policies III" group, of which Plaintiff moves to seal the entirety of each document. Exhibits 1–8 present different versions of the same document and as such shall be analyzed together. (ECF Nos. 100-2 to -9.)  These versions all consist of "BANA's internal policies for servicing accounts for its customers at account opening to comply with the Bank Secrecy Act's CDD requirements." (ECF No. 88-1 at ¶ 4.a.)  Defendant's declarant, Cheryl Cote, describes Exhibit 11 to Plaintiff's Reply and Opposition as a document that "discusses BANA's internal procedures for coordinating with Visa and Mastercard to ensure proper mechanisms are in place to mitigate the risk of violating OFAC sanctions." (ECF No. 88-1 at ¶ 4.b.)

Parties raise similar arguments in favor of sealing these documents as they did in prior motions to seal.  Plaintiff moves to seal the information because Defendant designated the documents as confidential.  Defendant responds in support of sealing, arguing the documents contain "highly sensitive trade secret and confidential research and technical information related to BANA's internal policies and the management and administration of BANA's proprietary software and internal AML/CDD policies and procedures." (ECF No. 88-1 at ¶ 4.)

Beyond Ms. Cote's general statement that the information is "highly sensitive," neither Plaintiff nor Defendant identifies any case finding such or similar information is indeed highly sensitive.  Without that or further explanation, it is unclear how accessing such information would advantage a competitor.  Under *Kamakana*, the moving party must support its compelling reasons to seal a document with "specific factual findings."  447 F.3d at 1178 (cleaned up).  Here, neither party has gone beyond broad statements claiming

---

[23] The sealed versions of these documents are lodged at ECF Nos. 100-2 to 100-9, and the public versions are docketed at ECF No. 84-2, Exs. 1–8.
[24] The sealed version of this document is lodged at ECF No. 100-12, and the public version is docketed at ECF No. 84-2, Ex. 11.

confidentiality and sensitivity.  This is insufficient.  Accordingly, Plaintiff's motion to seal Exhibits 1–8 and 11 is **DENIED** without prejudice.  (ECF No. 99.)

### C.    Plaintiff's Personal Information: Exhibits 9 and 17.1

Plaintiff seeks to redact and file under seal two exhibits containing Plaintiff's sensitive personal information.  First, Plaintiff seeks to seal sections of Plaintiff's United States of America Permanent Resident and Employment Authorization Cards.  (ECF No. 100-10.)[25]  Plaintiff also seeks to redact and file under seal sections of Plaintiff's Bank of America Cash Rewards Statements, February–October 2019.  (ECF No. 100-19.)[26]

Finding these exhibits contain an extensive amount of sensitive personal and financial information, this Court finds a compelling reason to seal Plaintiff's Exhibits 9 and 17.1.  Accordingly, Plaintiff's motion to seal Exhibits 9 and 17.1 is hereby **GRANTED**.  (ECF No. 99.)

### D.    The Transcript Excerpts III: Exhibits 33, 37–38[27]

Plaintiff seeks to redact and file under seal portions of the Deposition of Cheryl Cote (ECF No. 100-31, Ex. 33),[28] the Deposition of Peter Piatetsky (ECF No. 100-35, Ex. 37),[29] and the Deposition of Sahand Boorboor (ECF No. 100-36, Ex. 38)[30] (collectively, "the Transcript Excerpts III").  (ECF No. 99 at 5:17–27.)  Plaintiff seeks to do so because Defendant has designated the relevant information as confidential.  (ECF No. 99 at 5:17–27.)  In support of Plaintiff's motion to redact these documents, Ms. Cote states the

---

[25] The sealed version of this document is lodged at ECF No. 100-10, and the public version is docketed at ECF No. 84-2, Ex. 9.

[26] The sealed version of this document is lodged at ECF No. 100-19, and the public version is docketed at ECF No. 84-2, Ex. 17.1.

[27] These documents are also lodged at ECF Nos. 101-10, -12, and -13.

[28] The sealed version of this document is lodged at ECF No. 100-31, and the public version is docketed at ECF No. 84-2, Ex. 33.

[29] The sealed version of this document is lodged at ECF No. 100-35, and the public version is docketed at ECF No. 84-2, Ex. 37.

[30] The sealed version of this document is lodged at ECF No. 100-36, and the public version is docketed at ECF No. 84-2, Ex. 38.

Transcript Excerpts III should be sealed because they "quote or repeat information from BANA's Policies or data BANA has designated as confidential." (ECF No. 88-1 at ¶ 4.c.)

In several places, Plaintiff seeks to seal information that is easily discoverable by someone attempting to open an account with BANA. In others, the information Plaintiff seeks to seal is too vague to lend a competitive edge to any competitor reading it. However, in other portions of the Transcript Excerpts III, Plaintiff seeks to seal information specific enough to advantage a competitor or assist a bad actor seeking to skirt sanctions compliance policies. Appendix D to the attached order lists the instances where the redaction contains such confidential business information and where it does not.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to file the documents under seal. (ECF No. 99.) The Court makes this decision without prejudice.

## CONCLUSION

Based on the foregoing, the Court:

    (1)   **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to file documents under seal. (ECF No. 64.)

    (2)   **DENIES** Defendant's motion to file documents under seal. (ECF No. 73.)

    (3)   **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to file documents under seal. (ECF No. 77.)

    (4)   **DENIES** Defendant's motion to file documents under seal. (ECF No. 80.)

    (5)   **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to file documents under seal. (ECF No. 99.)

If Plaintiff or Defendant wishes to file a renewed motion to seal for the denied requests, they may do so no later than **January 24, 2024,** after the issuance of this order. To the extent either Party wishes to renew its motion to seal for any document or portion thereof, that party is **ORDERED** to append to its briefing a table similar to that in the Appendices to this Order listing: the title of the document, the ECF number of the public document, the ECF number of the lodgment, the page and line number(s) of the proposed

redactions (or stating that the party wishes to seal the entirety of the document), and the compelling reason for sealing each proposed redaction or document.

Otherwise, Plaintiff and Defendants are instructed to file the unredacted versions of the aforementioned documents as directed by the Court in this Order on the public docket no later than **January 31, 2024**.  Parties shall publicly file on CM/ECF as a "Notice Regarding Exhibit Attachment" revised versions of these documents with only those redactions that the Court has approved.  When filing the documents on the public docket, Parties must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative Policies & Procedures Manual.  Non-compliance with this order or any relevant rules may result in sanctions pursuant to Civil Local Rule 83.1.

**IT IS SO ORDERED.**

**DATED: January 12, 2024**

Hon. Cynthia Bashant
United States District Judge

- 25 -

**Appendix A**

Redacted Exhibits in Support of Plaintiff's Motion for Partial Summary Judgment and Class Certification (ECF No. 68-1)

| Exhibit | Title | Page | Location | Ruling |
|---|---|---|---|---|
| 13 | Report of Peter Piatetsky | 151-52 | | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 13 | Report of Peter Piatetsky | 156 | | DENIED.<br>While this material may be embarrassing to BANA, it does not contain any sensitive business or personal information. |
| 13 | Report of Peter Piatetsky | 157 | ¶ 1 | DENIED.<br>While this material may be embarrassing to BANA, it does not contain any sensitive business or personal information. |
| 13 | Report of Peter Piatetsky | 157 | ¶ 2 | DENIED.<br>While this material may be embarrassing to BANA, it does not contain any sensitive business or personal information. |
| 13 | Report of Peter Piatetsky | 162 | | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 13 | Report of Peter Piatetsky | 163 | | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 13 | Report of Peter Piatetsky | 164 | ¶ 1, redaction 1 | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 13 | Report of Peter Piatetsky | 164 | ¶ 1, redaction 2 | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 13 | Report of Peter Piatetsky | 164 | ¶ 2 | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 13 | Report of Peter Piatetsky | 164 | ¶ 3 | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 13 | Report of Peter Piatetsky | 164-167 | | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 172 | | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 173 | Redaction 1 | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 173 | Redaction 2 | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 173 | n.8 | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 178 | ¶ 13 | DENIED.<br>While this material may be embarrassing to BANA, it does not contain any sensitive business or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 178 | ¶ 14 | DENIED.<br>While this material may be embarrassing to BANA, it does not contain any sensitive business or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 179-80 | | GRANTED.<br>The absolute number of customers is sensitive business information and shall be sealed. |

**Appendix A**

Redacted Exhibits in Support of Plaintiff's Motion for Partial Summary Judgment and Class Certification (ECF No. 68-1)

| Exhibit | Title | Page | Location | Ruling |
|---|---|---|---|---|
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 181 | ¶ 20 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 181-82 | ¶ 21 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 182 | ¶ 22 | DENIED. While this material may be embarrassing to BANA, it does not contain any sensitive business or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 182 | ¶ 23, redaction 1 | DENIED. While this material may be embarrassing to BANA, it does not contain any sensitive business or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 182 | ¶ 23, redactions 2 and 3 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 182 | n.40 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 183 | ¶ 24 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 183 | ¶ 25 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 183 | n.41 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 183 | n.42 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 183 | n.43 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 183-84 | n.44 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 186-89 | | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 189 | ¶ 1, redaction 2 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 189 | ¶ 1, redaction 3 | DENIED. This selected material does not contain any sensitive business information or personal information.  To the extent BANA disagrees with the characterization, BANA may rebut it. |
| 14 | Plaintiff Mohammad Farshad Abdollah Nia's Rebuttal Expert Disclosure | 189 | ¶ 2 | DENIED. This selected material does not contain any sensitive business information or personal information.  To the extent BANA disagrees with the characterization, BANA may rebut it. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 239 | ¶ 5 | DENIED. This selected material does not contain any sensitive business information or personal information. |

**Appendix A**

Redacted Exhibits in Support of Plaintiff's Motion for Partial Summary Judgment and Class Certification (ECF No. 68-1)

| Exhibit | Title | Page | Location | Ruling |
|---|---|---|---|---|
| 19 | Rebuttal Expert Report of Charles H. Grice | 239 | n.2 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 239-40 | ¶ 8 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 240-41 | ¶ 9 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 241 | ¶ 10 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 241-42 | ¶ 11 | DENIED. This selected material is a summary of a settlement that is in the public record. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 242 | ¶ 12 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 242-43 | ¶ 13 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 243-44 | ¶ 14 | DENIED. This selected material does not contain any sensitive business information or personal information, rather, it includes citations to public websites. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 244 | ¶ 15 | DENIED. This selected material does not contain any sensitive business information or personal information, rather, it includes citations to public websites. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 244-45 | ¶ 16 | DENIED. This selected material is too vague to contain any sensitive business information or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 245 | ¶ 17 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 245 | ¶ 18 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 246 | ¶ 19 | DENIED. This selected material restates BANA's policy and justifications for it; it does not contain any sensitive business information or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 248 | ¶ 23 | DENIED. This selected material is too vague to contain any sensitive business information or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 249 | ¶ 24 | DENIED. This selected material summarizes Plaintiff's Complaint and does not contain sensitive business or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 249-51 | ¶ 25 | DENIED. This selected material summarizes Plaintiff's Complaint and does not contain sensitive business or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 251 | ¶ 26 | DENIED. This selected material summarizes Plaintiff's Complaint and does not contain sensitive business or personal information. |

**Appendix A**

Redacted Exhibits in Support of Plaintiff's Motion for Partial Summary Judgment and Class Certification (ECF No. 68-1)

| Exhibit | Title | Page | Location | Ruling |
|---|---|---|---|---|
| 19 | Rebuttal Expert Report of Charles H. Grice | 251-52 | ¶ 27 | DENIED.<br>This selected material summarizes Plaintiff's Complaint and does not contain sensitive business or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 252 | ¶ 28 | DENIED.<br>This selected material summarizes Plaintiff's Complaint and does not contain sensitive business or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 252 | V. header | DENIED.<br>The header contains argument and not sensitive business or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 252-53 | ¶ 29 | DENIED.<br>This selected material contains broad summaries and does not contain confidential business or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 253 | ¶ 30 | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 19 | Rebuttal Expert Report of Charles H. Grice | 253 | ¶ 31 | GRANTED.<br>This specific data constitutes confidential business information and warrants sealing. |

**Appendix B**

Redactions to Plaintiff's Memo of Points and Authorities in Support of Motion to Exclude Charles H. Grice

| ECF No. | Page | Line(s) | Ruling |
|---------|------|---------|--------|
| 95 | 5 | 15 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 6 | 23-24 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 8 | 23-24 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 10 | 1-3 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 10 | 17-18 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 11 | 3-4 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 11 | 6 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 11 | 7-10 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 11 | 10-11 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 11 | 11-12 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 11 | 13-14 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 11 | 14-15 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 12 | 2-3 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 13 | 1-4 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 13 | 8-10 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 13 | 13-14 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 13 | n.17 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 13 | n.18 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |

**Appendix B**

Redactions to Plaintiff's Memo of Points and Authorities in Support of Motion to Exclude Charles H. Grice

| ECF No. | Page | Line(s) | Ruling |
|---------|------|---------|--------|
| 95 | 14 | 20-23 | DENIED. This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 15 | 2-3 | DENIED. This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 15 | 6-8 | DENIED. This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 15 | 10-11 | DENIED. This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 15 | 15 | DENIED. This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 18 | 15-17 | DENIED. An opinion about a regulation such as this is not a trade secret or confidential business information. |
| 95 | 20 | 2-3 | DENIED. This is merely a description of what could be a compliance technique and thus does not warrant sealing. |
| 95 | 20 | n.31 | DENIED. Defendant does not make clear if this information derives from a confidential or public settlement agreement. This ambiguity cannot surmount the presumption of public access and as such shall not be sealed. |
| 95 | 21 | 7-8 | DENIED. This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 22 | n. 34 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 95 | 24 | 20-21 | DENIED. This selected material is too vague to contain any sensitive business information or personal information. |
| 95 | 24 | 25 | DENIED. This selected material does not contain any sensitive business information or personal information. |
| 95 | 24-25 | 27-1 | DENIED. This selected material is too vague to contain any sensitive business information or personal information. |

**Appendix C**

Redactions to Plaintiff's Summary Judgment Reply and Opposition (ECF No. 100-1)

| ECF No. | Page | Line(s) | Ruling |
|---------|------|---------|--------|
| 100-1 | 4 | n.6 | DENIED with respect to the first redaction. This information is easily discoverable by anyone attempting this action and thus does not warrant sealing.<br>GRANTED with respect to the remaining redactions within this footnote. |
| 100-1 | 5 | 2-3 | GRANTED.<br>This information constitutes sensitive personal information and warrants sealing. |
| 100-1 | 8 | 18-20 | DENIED.<br>The selected material is too vague to contain any sensitive business information. |
| 100-1 | 9 | 20-21 | GRANTED.<br>This kind of specific business information warrants sealing. |
| 100-1 | 11 | n.19 | DENIED.<br>This information is easily discoverable by a potential BANA customer and thus does not warrant sealing. |
| 100-1 | 22 | 3-6 | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 100-1 | 22 | 18-19 | DENIED.<br>This information is easily discoverable by a potential BANA customer and thus does not warrant sealing. |
| 100-1 | 23 | 5-6 | GRANTED.<br>This kind of specific business information warrants sealing. |
| 101-1 | 12 | 2-3 | DENIED.<br>This information is easily discoverable by a potential BANA customer and thus does not warrant sealing. |
| 101-1 | 17 | n.20 | GRANTED.<br>This selected material contains sensitive business information and thus warrants sealing. |
| 101-1 | 19 | 17-18 | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 101-1 | 20 | 11-15 | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 101-1 | 22 | 19 | DENIED.<br>This selected material does not contain any sensitive business information or personal information. |
| 101-1 | 23 | 15-17 | DENIED.<br>This information is easily discoverable by a potential BANA customer and thus does not warrant sealing. |

**Appendix D**

Redactions to the Deposition Transcripts in Support of Plaintiff's Opposition / Reply

| Exhibit | Deponent | ECF No. | Page(s) | Line(s) | Ruling |
|---|---|---|---|---|---|
| Exhibit 33 | Cheryl Cote | 100-31 | 83 | 21-21 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| Exhibit 33 | Cheryl Cote | 100-31 | 84 | 3-25 | DENIED.<br>This information is easily discoverable by anyone attempting this action and thus does not warrant sealing. |
| Exhibit 33 | Cheryl Cote | 100-31 | 90-91 | 12-25 | GRANTED<br>This kind of specific business information warrants sealing. |
| Exhibit 38 | Sahand Boorboor | 100-36 | 117 | 17-21 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| Exhibit 38 | Sahand Boorboor | 100-36 | 124 | 2-20 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| Exhibit 38 | Sahand Boorboor | 100-36 | 187 | 1-19 | GRANTED<br>This kind of sensitive business information warrants sealing. |
| Exhibit 38 | Sahand Boorboor | 100-36 | 194 | 1-3 | GRANTED<br>This kind of sensitive business information warrants sealing. |
| Exhibit 38 | Sahand Boorboor | 100-36 | 207 | 1-25 | GRANTED<br>This kind of sensitive business information warrants sealing. |
| Exhibit 38 | Sahand Boorboor | 100-36 | 208 | 4-25 | GRANTED<br>This kind of specific business information warrants sealing. |
| Exhibit 38 | Sahand Boorboor | 100-36 | 262 | 1-16 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |
| Exhibit 37 | Peter Piatetsky | 100-35 | 102-103 | 13-6 | DENIED.<br>This selected material is too vague to contain any sensitive business information or personal information. |